*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 13, 2018

By ECF

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     United States v. Martin Tesher, 17-CR-523 (RJD)

Dear Judge Dearie:

The Government respectfully requests that the defendant's expert witness, Dr. Carol Anastasia Warfield, be precluded from testifying as to the defendant's state of mind, in particular whether the defendant acted in good faith as a defense to the charged indictment.

On May 18, 2018, the defendant served notice that he intended to call Dr. Warfield as an expert witness.  (ECF Document No. 65, Exhibit C.)  The defendant stated that Dr. Warfield would provide an overview of pain management and chronic opioid therapy in addition to opining that the defendant's specific practices were "clearly within a broader range of a medical professional engaged in the usual course of professional practice." (Id. at 2.)  The Government does not object to the proposed testimony outlined in that disclosure.

In his opening statement on July 11, 2018, however, defense counsel stated that Dr. Warfield would testify that the defendant's conduct was "below the standard of care" but "consistent with somebody who exercised his best professional medical judgment reasonably and *in good faith* to improve the conditions of his patients." (Tr. at 39, L 16-25) (emphasis added).

This testimony, provided by an expert, is not legally permissible.  Under the law, the defendant is permitted to assert a good faith defense, claiming that he had an objectively reasonable belief that he was following the standard of medical practice generally accepted in the United States.  See United States v. Maye, 649 F. App'x 15, 15-16 (2d. Cir. 2016).  An expert witness, however, is not permitted to "state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone."  Fed. R. Evid. 704(b). See also United States v. Haynes, 729 F.3d 178, 196 (2d Cir. 2013) (finding that expert testimony as to the defendant's state of mind is prohibited because it threatens to intrude on the jury's function); United States v. DiDomenico, 958 F.2d 1159, 1164 (2d Cir. 1993) (holding that even an expert is prevented from "expressly stating the final conclusion or inference as to a defendant's actual mental state" quoting United States v. Richard, 969 F.2d 849, 854 (10th Cir. 1992)); United States v. Dupre, 339

F.Supp.2d. 534, 542 (S.D.N.Y. 2004) ("experts are precluded from reaching a definite conclusion about what mental state a defendant actually possessed at the time of the offense…"); Deutsch v. Novartis Pharm. Corp., 768 F. Supp. 2d 420 (E.D.N.Y. 2011) (recognizing that an expert may not comment about whether defendant "was acting in good faith or otherwise testify as to [defendant's] intent, motivations, or state of mind.").

For the foregoing reasons, the Court should grant the government's request to preclude Dr. Warfield from testifying as to the defendant's state of mind, specifically that he acted in good faith.  The Government does not object to the expert testimony described in the defendant's disclosure.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By:           /s/
Penelope Brady
Jennifer M. Sasso
Assistant U.S. Attorneys
(718) 254-7150/6402

CC:    Eric Creizman, Esq. (by e-mail)
       Melissa Madrigal, Esq. (by e-mail)
       Clerk of Court (RJD) (by e-mail)