UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
UNITED STATES OF AMERICA    :

   -against-    :    **MEMORANDUM AND ORDER**

MARTIN TESHER    :    17 CR 523 (RJD)

   Defendant.    :
-----------------------------------------------X
DEARIE, District Judge:

     Defendant Martin Tesher seeks bail pending appeal of his conviction following a jury trial before the undersigned. Invoking 18 U.S.C. §1345(c), Tesher urges his continued release pending appellate review is justified by exceptional circumstances, as outlined below.

     As an initial matter, the government questions the Court's authority to consider release under §1345, suggesting that an assessment of exceptional circumstances is the province of only the appellate court. While perhaps an open question in this circuit, the reference to "judicial officer," as well as the unqualified language of the statute, common sense and the efficient use of judicial resources strongly suggest that the trial court be given at least the first chance to assess the question of continued bail before the burden falls to a reviewing court that is less familiar with the defendant and all the surrounding circumstances presented by the case. See United States v. DiSomma, 951 F.2d 494, 496-97 (2d Cir.1991) (assuming district court's authority to evaluate exceptional circumstances under 18 U.S.C. § 3145(c) and upholding its determinations "given the trial judge's close familiarity with the evidence presented in the case). Consequently, I proceed to address the question of exceptional circumstances.

     I note at the outset the defendant presents no risk of flight and, having surrendered his medical license, he no longer presents any danger to the community. The government does not challenge these findings. And while the proof at trial was compelling, and the conduct at issue

most disturbing, it cannot be said that there are no non-frivolous issues for appeal. The Court was required by statute to impose a twenty-year sentence on a gravely ill 84-year-old man for an unintended death of a patient who abused the prescribed medication causing his death. Such circumstances will appropriately trigger very careful scrutiny of the trial record.

The circumstances presented justify bail pending appeal. The defendant's precarious health, deteriorating condition, and treatment needs, along with additional grave and life-threatening ailments pose far more than a hardship to the man. For him, based upon his documented challenges including recent and more-frequent hospitalizations, it is a matter of life and death. The undeniable risks associated with institutional confinement and treatment as well as the obvious risks attendant to any transition to an institutional setting cannot be overstated. And it gets worse. His wife, seriously ill herself and confined to a wheelchair, again as documented in the record, see Def. Obj. to PSR, ECF No. 155, Ex. 4 (Letter from Dr. Jeffrey I. Mechanick, MD), principally depends on him for her immediate care and day-to-day monitoring, as the Court had the opportunity to observe somewhat during trial.

The government's opposition and impatience are understandable. Tesher has shown no remorse and has offered no apology to the patients and families he harmed. But in a real sense he has paid dearly for his refusal to acknowledge his wrongdoing. In the wake of Tesher's rejection of a far more lenient disposition from the government, his decision to decline to accept responsibility and hold the government to its burden of proof triggered the aggravated charge that mandates a 20-year sentence. But this was his right. Such considerations do not in my view speak to the issue before me now.

For the majority of Tesher's professional life, he successfully practiced family medicine without his competence or integrity being called into question. The volume of extraordinary

letters submitted in his support from patients, colleagues, neighbors and acquaintances are no contrivance or concerted effort to mislead. Why things went wrong, as surely they did, is a mystery, at least to me. But it should be acknowledged that life and circumstance have already brought him severe sanction. As his life draws to a close, he is a convicted felon who is disgraced in his profession, his reputation now sacrificed. And, if he survives for some time, his life will likely end in the confines of federal prison. To incarcerate him now, to separate him from his ailing wife before a higher authority has scrutinized the trial record will in my judgment inflict an added punishment that cannot be undone or remedied.

The motion for bail pending appeal is granted.

SO ORDERED.

Dated: Brooklyn, New York
July 30, 2019

s/Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge